# CASES

IN THE

# SUPREME JUDICIAL COURT

IN THE

COUNTY OF SOMERSET, JUNE TERM, 1839.

---

## *Inhabitants of* BLOOMFIELD *vs. Inhabitants of* SKOWHEGAN.

In the act incorporating a portion of an old town into a new one, it was provided, that those, who should afterwards become chargeable to the towns as paupers, should be considered as belonging to that town, " *on the territory of which, they had their settlement at the time of the passing of this act, and shall in future be chargeable to that town only ;*" a pauper had gained a settlement in the old town at its incorporation, by residing therein on that part of it made into the new town, but when the new town was incorporated, had removed into a different part of the old town, and there remained until this territory was incorporated into a third town ; the pauper, who had never gained any settlement unless by these acts of incorporation, was held to have a settlement in the second town, under the special provision in the act of incorporation.

FROM the statement of facts agreed by the parties, it appeared, that *Susan Ireland,* the pauper for whose support the action was brought, was the legitimate child of *Jonathan Ireland,* who was the legitimate son of *Abraham Ireland.* *Abraham Ireland* resided in the town of *Canaan,* at the time of its incorporation in 1789, in that part of it which is now *Bloomfield,* and gained a settlement there by the act of incorporation. *Jonathan Ireland* had a settlement derivatively from him. Before *Bloomfield* was incorporated, *Jonathan Ireland* removed into that part of *Canaan* now *Skowhegan,* and died there in 1812 without ever having been in a condition to gain a settlement in his own right. The family of *Jonathan Ireland,* includ-

ing the pauper, remained in the same place until after the incorporation of *Milburn*, now *Skowhegan*, in 1823, but the pauper has never gained a settlement in her own right, unless by the incorporation of *Milburn*. *Bloomfield* and *Skowhegan* were wholly taken from *Canaan*. In the act incorporating *Bloomfield*, in 1814, was the following provision. " Be it further enacted, that the said town of *Bloomfield* shall be holden to support their proportion of the poor of the town of *Canaan* which are now chargeable to said town, which proportion shall be ascertained by the present valuation of the town ; and all persons who may hereafter become chargeable as paupers to the said towns of *Canaan* or *Bloomfield* shall be considered as belonging to that town, on the territory of which they had their settlement at the time of the passing of this act, and shall in future be chargeable to that town only." The only question submitted was, in which town was the settlement of the pauper.

*Tenney* argued for the plaintiffs, and cited Settlement act of *Massachusetts*, 1791, second and tenth modes ; *Great Barrington* v. *Lancaster*, 14 *Mass. R.* 255 ; *Windham* v. *Portland*, 4 *Mass. R.* 390 ; *Hallowell* v. *Bowdoinham*, 1 *Greenl.* 129.

*Kidder* argued for the plaintiffs, and cited the act passed in 1814, incorporating the town of *Bloomfield*, and *Princeton* v. *West Boylston*, 15 *Mass. R.* 384.

*By the Court.* — The settlement of the pauper is derived from her father, *Jonathan Ireland*, who derived his settlement from *Abraham Ireland*, his father. The settlement of *Abraham* was in that part of *Canaan*, which is now *Bloomfield*. It does not appear, that the grandfather, father or daughter subsequently obtained any settlement elsewhere. It is very clear then, that by the act incorporating *Bloomfield*, the derivative settlement of the paupers remains in that town.

*Plaintiffs nonsuit.*